**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4930**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

ALBERT HENRY JONES,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:10-cr-00144-D-2)

---

Submitted:  April 24, 2012                 Decided:  May 10, 2012

---

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph L. Bell, Jr., BATTS, BATTS & BELL, LLP, Rocky Mount, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Henry Jones appeals his eighty-four month sentence for distribution of cocaine base and aiding and abetting another in distribution of crack cocaine. The sole argument that Jones raises on appeal is that his sentence is both procedurally and substantively unreasonable. After thoroughly examining the record and the contentions of the parties, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Jones attacks the procedural aspect of his sentence on the ground that the district court failed to properly implement an incremental approach when determining the degree of its upward departure, as required by U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(4)(B). As we have explained, however, "Section 4A1.3's mandate to depart incrementally does not, of course, require a sentencing judge to move only one level, or to explain its rejection of each and every intervening level." United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (citations omitted). Nor must the district court "go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense

2

level] that it selects."  Id.  (citations omitted) (alterations in original).

Further, even assuming that the district court did fail to properly implement the required incremental analysis, any such procedural error is harmless where, as here, an "upward variance based on the § 3553(a) factors justifie[s] the sentence imposed."  United States v. Rivera-Santana, 688 F.3d 95, 104 (4th Cir. 2012).  See also  United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009) (relying on district court's discussion of the § 3553(a) factors to affirm a sentence as a reasonable variance); United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008) (affirming on the basis of the district court's application of the § 3553(a) factors where the district court found that both the departure provisions and the § 3553(a) factors supported its chosen sentence).

Our review of the court's application of the § 3553(a) factors to Jones' circumstances persuades us that the variant sentence imposed upon Jones was not unreasonable.  Grubbs, 585 F.3d at 804-05.  See Gall, 552 U.S. at 51 (in reviewing a variance for reasonableness, an appellate court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."); United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007); Evans, 526 F.3d at 160.  Thus, at the bare minimum, any

3

procedural error with respect to the district court's departure analysis is harmless. Rivera-Santana, 2012 WL 310871, at *7; Evans, 526 F.3d at 165.

Jones' assertions to the contrary notwithstanding, the sentence imposed upon him is also substantively reasonable, in light of "the totality of the circumstances." Gall, 128 S. Ct. at 597. Although Jones contends that the district court gave short shrift to the extent of his cooperation with the Government and overemphasized the seriousness of his criminal record, we decline to hold that the district court's assessment of these considerations rendered its ultimate sentencing decision substantively unreasonable. See Evans, 526 F.3d at 160; id. at 163-65.

Because Jones has advanced no other reason why his sentence is either procedurally or substantively defective, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED